## WILLIAM WEISMAN AND OTHERS v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.[1]

March 6, 1936.

No. 30,900.

*Leonard, Street & Deinard,* for relators.

*Jesse Van Valkenburg* and *Horace Van Valkenburg,* for respondent.

STONE, JUSTICE.

Petitioners seek an extension of time within which to redeem from the foreclosure of a real estate mortgage covering the Ritz Hotel property in Minneapolis. The foreclosure was by action in the United States district court for the district of Minnesota. A decree of foreclosure was entered. The sale pursuant thereto was confirmed by order December 10, 1934, subject to redemption within one year. The sale price was $310,792.23, for which sum respondent mortgagee bid in the property. This proceeding was commenced by petition under the moratorium law, L. 1935, c. 47, December 7, 1935, only three days before expiration of the period of redemption. The petition was dismissed below for lack of jurisdiction upon the ground that the United States district court, which rendered the decree of foreclosure and confirmed the sale thereunder, had exclusive jurisdiction of the matter. The proceeding comes here by *certiorari.*

[1]Reported in 265 N. W. 431.

In this state we have long had two methods for the foreclosure of real estate mortgages. The power of sale may be exercised in the summary method of advertisement provided by statute. 2 Mason Minn. St. 1927, §§ 9602 to 9633. In addition, there is the conventional foreclosure by action in either the state or, the jurisdictional prerequisites present, in a federal court. The action to foreclose is by bill in equity. If in the federal court, the state law has nothing to say to the procedure. But state law does determine the duration of the equity of redemption. In that respect the decree in the federal court simply applies the law of the state fixing the involved property rights. In the case of foreclosure by action, it is the decree, the sale thereunder, and the order confirming the sale that operate finally to define and determine the rights of both mortgagor and mortgagee, and also the rights of holders of junior liens, desiring to redeem and having the right to do so. 2 Mason Minn. St. 1927, §§ 9634 to 9645. In this case redemption could be made by payment to the United States marshal. Any order or decree of a state court extending the time for redemption would not be operative as against him or any other officer of the federal court without the aid of action by the United States district court so altering its own decree and order for confirmation of the sale as to bring them into conformity with the order of the state court. We do not intend to intimate whether such an order could or should be made. The point is that any such order by a state court, standing alone, would be without effect and seemingly an intrusion upon the jurisdiction of the federal court and an attempt, in effect, to modify its decree.

The initial and, in our opinion, determinative question is one merely of statutory construction. The relief authorized by the moratorium law, L. 1935, c. 47, part 1, § 4, may be granted upon the terms stated: "Provided that the mortgagor, or the owner in possession of said property, in the case of mortgage foreclosure proceedings, * * * shall prior to the expiration of the period of redemption apply to the District Court having jurisdiction of the matter," on not less than ten days' written notice to the mortgagee for the order wanted.

The meaning of the phrase "the District Court having jurisdiction of the matter" cannot be doubted. In application to any case where the foreclosure is by action, "the matter" is the action itself. "The District Court having jurisdiction of" it is obviously the one wherein the action was commenced and prosecuted to decree. None other can have jurisdiction "of the matter." That is the whole and plain meaning of the words used to designate the court to which the petitioner for relief under the moratorium law must apply.

That construction is confirmed by the direction, in § 2 of part 1 of the statute, that in the case of foreclosure by advertisement the application for relief shall be to the "District Court of the county wherein such foreclosure proceedings are being had, or are pending." Section 3 carries directions as to procedure in foreclosures by action which, of course, cannot apply to a federal court. The same may be said as to all other provisions of the law which have to do with mere matters of procedure rather than the creation of new or extension of old property rights such as the equity of redemption. In part 2 of the act, dealing with homesteads only, is repeated the direction as to foreclosures by advertisement that the application for relief shall be "to the District Court of the county wherein such foreclosure proceedings are being had, or are pending." The statutory directions for review in this court by *certiorari* have to do merely with procedure. They do not affect otherwise the distinct right created and conferred by the act to an enlargement of the equity of redemption.

The rule need not be labored that when any court, competent to exercise it, acquires jurisdiction of an action that jurisdiction continues to the end. The necessity of jurisdiction aside, any petition for relief from, or modification of, the final judgment or decree should, as mere matter of orderly procedure, be addressed to that court. It has never been thought that such relief could be had from any other tribunal except through *certiorari,* writ of error, or appeal.

It would require a strained and unnatural construction of the statute to reach any other conclusion. Moreover, any such interpretation would impute to the framers of the act an unbelievable

blindness to rules of jurisdiction and procedure of such long standing and tried utility as to be landmarks of our procedural law.

The question made in argument as to the power of the federal court to grant relief under the moratorium law is not for us. But it is believed that, inasmuch as the statute is in essence an enlargement of the equity of redemption, the relief can be granted as well by a federal court as by one of the state enacting the statute. The Supreme Court of the United States "has held in a multitude of cases" that where the laws of a state have enlarged an equitable right, the enhancement would be protected in the federal courts if the result "did not infringe upon the constitutional rights of the parties." Greeley v. Lowe, 155 U. S. 58, 75, 15 S. Ct. 24, 28, 39 L. ed. 69. See also Dick v. Foraker, 155 U. S. 404, 15 S. Ct. 124, 39 L. ed. 201.

Our moratorium statute made substantive law insofar as it enlarged the equity of redemption belonging, as a property right, to a mortgagor of real estate. To the extent that it set up a procedure for the judicial establishment and definition of the enlargement, the provisions are procedural and directed exclusively to the state courts. We fail to see, however, why the new and substantive right created cannot be adjudicated and protected as well in a federal as in a state court.

Order affirmed.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.